argument not to exceed 15 minutes per side. Ms. Calloway, you may proceed on behalf of the appellate. May it please the Court. Wendy Calloway on behalf of Christen Clark. There are a couple of factors in this argument. In this case that bear directly on the issue of the court's abuse of discretion and making a determination about the motion to withdraw the plea in this case that I'd like to talk about. There's some facts here in the record that the district court either decided erroneously based on what was presented or completely ignored. And the court also failed to address a number of the Beshara factors in making the determination in this case. This case involved two important facts that remove it from the traditional, I changed my mind and I want to withdraw my plea because I don't like what's happening. There are two critical factors in this case that put it squarely under the federal rules that require that a motion to withdraw a plea should be granted where it's fair and dressed. In this case, the defendant was represented by a lawyer who was whose behavior was so egregious that he had to resign from the practice of law at the point of the spear of being disbarred. The other factor is the circumstances that surrounded the plea. The district court did not address either one of these facts and the this was the crux of the reason why the motion should have been granted. So the circumstances, I'm going to start with the circumstances underlying the guilty plea. In this case, it was clear from the record that there was some trouble going on between the attorney and the defendant at the plea hearing. First of all, what we had was a departure from the norm that the plea agreement was not signed when the party showed up to take the plea. So there was some conversation that was happening between counsel and Mr. Clark and the court noted, you know, we've been here, we're waiting, we're 45 or 15 minutes into this proceeding. It's clear to me that Mr. Clark is not prepared to enter this plea. That's the court's observation on the record. When the court then looked at the motion to withdraw the plea, the court did not address that context at all. So we have a lawyer, the client is there, ultimately the plea agreement is signed while the government and the court is looking on under the pressure of the court saying, you know, what are we doing? It seems like you're not prepared here. Let me ask you, I understand that context. I'm struggling with how we would proceed in this case because there are three issues that come up in all your briefing. The ineffective assistance of counsel, the due process, knowing volunteer and an intelligent standard, and the fair and just standard for withdrawing a guilty plea under Rule 11. What I'm struggling with is how they are wrapped together and how they need to be resolved either together or separately because I am concerned about raising these facts on an appeal, whether it will threaten the preservation of an IAC claim in a habeas proceeding. So I appreciate the court's concern there and I agree that the fact that those legal issues are a little bit overlapping in this case. My suggestion to this panel is to review this under the fair and just standard. Did the district court abuse its discretion in applying the fair and just standard in allowing Mr. Clark to withdraw or not withdraw his plea? And what I'm ultimately going to ask this panel to do is remand the case for a hearing on this issue. The district court decided not to hold a hearing and so I don't believe that the court needs to make a determination about whether the plea was entered into knowingly, intelligently, and voluntarily. I don't believe the panel needs to make a decision about whether there was an effective assistance here. I think what the panel is charged to do is to decide whether or not the district court abused its discretion in making a determination about whether there was a fair and just reason to allow Mr. Clark to withdraw his plea. If the court limits it to you, if you do that and if your request is to remand it on all three issues, then everything could be litigated together. So you're asking that we not rule on really any of it because they're all tied together with the IEC claim and the goal would be to get all three of them back on an evidentiary basis so then that they could all three be resolved together. And that resolution would bar, that would impact the habeas rights later but you would have everything on the table at the same time. That's what I believe is the fairest thing to do. I mean I believe from the record here the court can say the motion should have been granted and you should say the motion should be granted and grant him a new trial today. But I can understand from this record why the court would feel that there needs to be more developed here before it can do that. And I definitely don't think there's enough here for the court to be making decisions about whether this plea was entered into knowingly, intelligently and voluntarily and whether the lawyer did his job in providing discovery. There's just not enough here and that's one of the problems that I'm bringing to the court is the district court in failing to hold a hearing and to call Mr. Callous, the defense attorney and take testimony and look at the way that these conflicts between the government and Mr. Clark, the court didn't engage in any of that to try to resolve it. Now I understand that that may or may not limit issues in habeas but my task here is to have a fair and just determination on the issue of whether or not Mr. Clark's motion to withdraw his plea should have been granted. So you would, if we granted this remand for a hearing, you would ask the district court to go ahead and address whether or not there was effective assistance of counsel in addition to whether or not he voluntarily entered into the plea. That's one of the considerations that I think should be litigated in the motion to withdraw the plea. I wasn't the trial attorney on this so I haven't really examined it from that perspective and how I would raise it before the district court. But yes, I do think, especially in the context of giving Mr. Clark information that he needed to make this important decision, Mr. Clark got 270 months here on a drug case. The entire basis of the argument that the plea was not voluntary based on ineffective assistance of counsel? I believe that's ultimately what the argument would be, yes, that he didn't have sufficient information, the discovery information wasn't provided, he didn't understand the basis under which the government was moving forward, he needed more time to consult with his lawyer and his lawyer was doing nothing and so he wasn't able to... Are you making any contention that the district court did anything wrong in the way the plea was entered? Yeah, I am. What exactly are you saying the district court should have done differently? The district court, first of all, should have held a hearing on this because there were factual differences between the way that these issues were characterized. And did Mr. Clark's counsel, did he ask for a hearing? Yes, in his motion to withdraw the plea, he did ask for a hearing. At that point, okay. Yes, and Mr. Clark also raised this issue on his own pro se to the court. He was without a lawyer for most of the time that these issues were pending. His lawyer left him because he was going to get disbarred. He didn't have a lawyer for a number of, maybe 50 days or so, and then the court appointed an attorney for him. And that was his, like, fourth attorney or something? Correct, yes. So there were lots of issues going on here between counsel and Mr. Clark, you know, is evident from the record. I think, you know, there were a number of facts that were also alleged by Mr. Clark and his lawyer that the district court got wrong. The district court called a number of allegations the government made unrefuted. However, a reference to Mr. Clark's letter to the clerk shows he was clearly refuting these things. The government was making allegations. Well, we gave them all the discovery. That doesn't inform us at all about whether Mr. Clark got the information. And so these are the kinds of questions the court just resolved in favor of the government, didn't hold a hearing to inquire about counsel. Mr. Callis could have gotten on the stand and said, oh, I gave him everything. I don't know what happened. I wasn't there. You weren't there. The court wasn't there. And so the court's failure to inquire on these factual disputes and just to resolve them in the government's favor was clearly erroneous. The court's failure to consider the context of the plea was erroneous. The court characterized Mr. Callis as resigning from the practice of law without reference to the plethora of allegations that had been made against him, including things like not giving his clients discovery, misrepresentations to the court. And so to rely on Mr. Callis's representation to the government that, oh, yeah, I gave him everything, and then to use that as the basis to deny the motion to withdraw the plea seems to fly in the face of the facts. So these are the erroneous findings of facts and the failure to address the context that we believe led to the court's missing the right answer here. And this, again, this takes the case out of the normal, you know, the defendant really doesn't have a reason. He just changed his mind. There was a lot more going on here. And we believe that for the court to fairly and justly consider this, there needs to be a hearing with witnesses called for the court to determine these factual disputes and to make the decision. And then the record can be developed on whether or not the plea was knowing, intelligent, and voluntary, whether or not there was effective assistance of counsel in the discovery and the plea negotiations in this case. I'll leave the remainder for rebuttal. Thank you. Thank you, counsel. May it please the court, Brenna Faskell on behalf of the United States. It is the government's position that the district court correctly denied Mr. Clark's motion to withdraw a guilty plea and correctly was acted within their discretion and to not grant an evidentiary hearing on this case. When you review all the Beshara factors with respect to evaluating a fair and just reason as to whether or not Mr. Clark could withdraw his plea, they weigh heavily against Mr. Clark and in favor of the court's decision. Well, why not have a hearing, though? Given that, you know, Mr. Clark was saying things that were different than what the government was representing, why not have a hearing and flesh that out, particularly since there were allegations of ineffective assistance of counsel? Absolutely. Well, first of all, when you look at the motion, they requested an oral hearing. They didn't request an evidentiary hearing, and they didn't point to what exactly they would want a hearing on. They just reserved a possibility to reply to the government's opposition once they had the sentencing and change of plea transcript. When you say they asked for an oral hearing, I just want to make sure that I'm clear on this. Is it that they asked for just a hearing or did they use the term oral hearing? They said oral hearing in the filing. And, you know, when you look at the filings, there wasn't also a reply to the government's opposition in which they provided context to the protracted negotiations between Mr. Clark and the government during his plea negotiations. When the government explained that the reason they had provided still photographs of uncharged conduct, it was at Mr. Clark's request, and there was no reply to that, nothing to refute that. And following that, there wasn't saying, you know, we need an evidentiary hearing to see if that really happened. Was this by the appointed attorney McDonald? Yes, attorney number four, correct. One, two, three, fourth or fifth attorney, and that was in June. And he filed a discovery request for evidence from the government, right? Correct. And when you look at the docket, he filed that request on or about the date he was appointed. And when you review the actual filing, it appears to just be a form request for discovery, which attorneys, you know, file as a matter of course when they're brought on to a case. Yes, but if it's his attorney now and he's asking for evidence about the case, then we go from June 28 to July 24 when the district court receives Clark's letter alleging that Callis lied to him, did not want to go to trial, did not give him all the discovery. That was before the court on July 24, but it was not placed in the court's docket. Isn't that correct? That is correct. Is that not an unusual circumstance? This is someone raising ineffective assistance of counsel that impacted his decision to plea and raises it to the court and is asking for information. It was only following that by five days on July 29 that McDonnell then filed a motion to withdraw the guilty plea. So at the time that Mr. Clark sent that letter to the court on July 5th, he was already represented by Mr. McDonnell. So he was representative counsel. I am not sure of the district court's normal practice with respect to letters from represented defendants in situations like this, but I do want to point out that on June 12th, a pretrial was held before the court, at which time Mr. Clark said that he wanted to retain counsel. And the court gave him until a certain date to find counsel. He didn't, and then he went ahead and had his fourth attorney appointed. Yeah, that was because on May 13, Callis withdrew.  With the statement that he was resigning from the practice of law due to a state disciplinary case. So from that date until June 25, Mr. Clark was unrepresented, right? That is correct. And at the June 12th hearing, he did not make any indications to the court when he was before the court that he had not received discovery. He didn't know what his case was about, that he wanted to withdraw the plea, that he was unsatisfied with his representation by Mr. Callis. And in fact, at the change of plea hearing, the court specifically asked Mr. Clark, are you satisfied with the representation Mr. Callis has provided you? And he said under oath, yes, I'm satisfied. That's a fair argument, because that is one of the clear ways that people who just have buyer's remorse want to get out of a plea and to have it withdrawn. But here you've got a constellation of other issues that are quite significant. If you went through his representation with these, what, four attorneys, and how long he was without counsel throughout that time, I think it would not be surprising to most judges to find that the guy would not know what was happening, that he would not be able to say, tear the wherewithal at a meeting where his last attorney quit because he was being sanctioned and could no longer practice law, and to expect him to have the wherewithal to know the questions to ask of the court is, I think, perhaps beyond the accuracy of the situation that we're in. So he writes a letter, and he sends it to the court. That's, I don't think that's, that's not saying that the court did a poor plea colloquy. That's saying that much more is going on in this case than just the plea colloquy, because of the circumstances of representation of this individual. And I think that's the most concerning thing to me, and why it seems very important that rather than piecemeal this resolution, we could say, you know, we could say the court did this part correctly, and so that's affirmed, but then we're going to hold IAC until habeas, but then what you've got is these interrelated arguments, and then you all are going to be fighting about what argument he gets to raise that wasn't already resolved by the district court below. But if you take all of that ball of wax, and you send it back down to the court, and you resolve those three intertwined issues together before this good judge, why isn't that an appropriate resolution of the problems that are peculiar to this case? Well, I think with respect to the timing of his letter, it was 64 days after he had entered his plea. So even if he was confused when he was under oath and said he was satisfied with the representation of Mr. Kalis, he waited, and he waited weeks after he even saw the court on June 12th. It was at that time when he was with the court, he could have flagged it, say, hey, judge, I'm having issues here. I never saw the discovery, but he didn't. Your opposing counsel argues that during the case he had already flagged it to the judge. Mr. Clark came in not prepared to plea, and then we had the stop. I mean, the judge very wisely said, I don't think your client is ready to enter this plea, and do you want to take some time and talk to your client about it, obviously recognizing some of the issues that are going on. And then we have the client acting in collecting the information that he had and sending something to the court. I'm just, are you saying that there is some legal impropriety with having all of these three things remanded for the court to review in one hearing on one claim and resolve? I don't think that the ineffective assistance of counsel piece, I don't think you need to get there with respect to the Beshara factors. I think the factor, like, with the Strickland standard, there has to be a reasonable probability that but for counsel's errors, the outcome would have been different. And if his claim is he did not have discovery, he would have known he didn't have discovery at the change of plea hearing, yet he still entered the plea of guilty under that. And he then admitted to the factual basis. With the attorney that he accuses of malpracticing his case and failing to give him what that attorney has told the prosecutor, he had. See, the judge is under the impression that he has been given this information. But that impression comes from the attorney who was engaged in inappropriate representation and then had to quit the practice of law. Well, it also comes from Mr. Clark's own representations at the hearing in which he said he understood the factual basis, he initialed it, and then at the PSR during sentencing, he again admitted to the conduct. You know, what we have here is his unaverred statement in his letter saying that he never saw any of the discovery. And frankly, when you look at the timing over two months after his change of plea, it seems like he was using the fact that his attorney was undergoing disciplinary proceedings as a reason to undo the plea. He was using it as an opportunity. When you look at a case that I reviewed in which this court discussed a defendant withdrawing the Spencer case from 1987, the defendant withdrew his guilty plea after the suicide of a co-conspirator, and this court noted that the timing was suspect. You were using a new circumstance to undo and perhaps seek a better deal following the original plea. And here I would suggest he, up until the day he sent that letter to the court, he had not indicated any issues with Mr. Kalis, including during his June 12th hearing with the district judge, when he had an opportunity to address this with the court, and he chose not to. And I also would... And is there any case law that says that this is not something that can be remanded and decided in a package by the court below? Well, with respect to ineffective assistance of counsel claims, you know, we do have the Massaro case that says that the 2255s are more preferable to direct appeal in handling these types of cases. Would that have support with Judge Stranch's thing? I'm sorry. No, you go ahead. Her suggestion is... And the reason for Massaro is because we need a developed record, frankly, in the district court. And so if we send it back to the district court, district court has the opportunity to then put Mr. Kalis on the stand, do whatever it's going to do, evidentiary-wise, and make a record. Then he would have the opportunity to appeal that, right? He would. If he lost. If he lost. But I just think under these facts and circumstances, he shouldn't be able to get out of the plea which he entered and the deal that he bargained with. Especially when you look at the plea colloquy, and the court went over all the different sentencing guidelines scenarios. They went over exactly what rights he was waiving. They went over what could happen if he did choose to go to trial. He said he understood the factual basis. He said that he was satisfied at the representation of counsel. And would that make a difference if Mr. Kalis was called to the stand and asked whether he had in fact given that information to his client, and he said no, he had never given him any of that discovery or any of that information? Would that make a difference? Would that make a difference to your argument? It would be a problem if the defendant never saw any of the discovery in his case. It would be a problem. I just think under this circumstance where the court saw him at his change of plea, they saw his demeanor, the fact that he started 15 minutes after his scheduled change of plea hearing, to me it didn't indicate that he was being rushed. To me it indicated he was being given time. Well, then you're disagreeing with the judge because the judge said, I don't think your client's ready. I don't think your client is prepared to enter this. Isn't that what the judge said when they stood up before her on the plea? Yes, that is what she said. And then she went on to explain to him what would happen if he chose to plea versus not chose to plea. And after that, after he was fully apprised of all the risks of entering into a plea agreement, he went ahead and decided to go ahead and enter his plea. And I do think it bears noting that this was a month-long negotiation. I hate to interrupt you, but I know you're running out of time. I do have one more question. Sure. Do we know sitting here today that on the day of his change of plea hearing that he was aware of the evidence that he claims now that he did not receive? Well, we have what the AUSA had provided in their sentencing, in their opposition to the motion, saying that he had provided counsel with. Well, that's neither here nor there, though, right? Because his whole point is that counsel didn't give it to him. I guess what I'm wondering is, was there some review on the record? I know that there was a review of what the factual basis was. Was there a review on the record of, and, Your Honor, the government would represent that, was there some proffer of what that evidence was such that he could stand up and say, oh, wait a minute, I didn't know anything about a video. I didn't know anything about any stills from a video. Was there anything like that? Not on the record. Thank you. Okay. Thank you, counsel. Is there a rebuttal? There's some unique information here that's important for the court to take into consideration. There is a triangulation of evidence that all points in favor of Mr. Clark's argument. This is not a case where a lawyer just comes in and says, oh, I'm sorry, a client comes in and says, oh, my lawyer was terrible, right? I'm a criminal defense attorney. I understand that clients make those arguments. That is not made in a vacuum. This client is saying my attorney didn't give me information, and we have the Bar Association and the Supreme Court saying this lawyer doesn't give clients information. So we have this connection that takes it out of the realm of cases where it's just a client complaining or just a convenient way to say I want to get out of my plea. We have the Bar Association agreeing with the client that this lawyer isn't doing his job. We also have the record of what happened at the plea. So the government says, oh, there was nothing to indicate that anything was wrong until 64 days after the plea. That is not true. We have the hearing on the day of the plea where the court actually gets involved and says, what's going on? The client doesn't seem ready. There's a statement by Mr. Kallis that says, oh, I think he's about to make a decision, and then starts directing the client where to sign. That's highly unusual. Normally, lawyers and clients come to the plea hearing. The form has already been transmitted to everyone. So to have this all happen in open court, to have the judge make note of it, is unusual. And so these facts just keep circling around, the same things supporting each other. None of these things are being said without some support. And so the trial court's failure to acknowledge what was actually happening, if a court speaks through their entry and the court's entry of decision, the court makes no mention of the fact that the lawyer was getting disbarred. The court makes no mention of these factual disputes between the government and Mr. Clark. And because of that, I don't think that the court reached the proper decision on whether there was a fair and just reason here. And so at a minimum, we would ask that the court remand this for an evidentiary hearing where the court can address these issues and make a decision with all of the information. Thank you. Thank you for your representation of your client. And both counsel will take the latter in submission.